CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 24 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRYL S. HARRIS, #297030, | ) | |
| Petitioner, | ) | Civil Action No. 7:04-cv-00694 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, DIRECTOR, | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Petitioner Darryl S. Harris, a Virginia inmate proceeding pro se, brought this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Harris is confined pursuant to felony convictions for abduction, sexual marital assault, reckless endangerment and a misdemeanor conviction for eluding the police. The four charges, which arose in Rockbridge County and Botetourt County, were consolidated for trial and sentencing. Harris is serving sentences imposed for these convictions and challenges the validity of his detainment.

The respondent has filed a motion to dismiss. The court notified Harris of respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned petitioner that judgment might be granted for the respondent if he did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining his claims. Harris has responded, making the matter ripe for the court's consideration. As the parties agreed that Harris has available state court remedies as to his Botetourt County convictions, the court previously dismissed without prejudice petitioner's claims related to those convictions. Upon review of the record, the court now concludes that Harris's remaining claims, related to his Rockbridge County convictions, must be dismissed as untimely filed, pursuant to 28 U.S.C. §2244(d)(1)(A).

## I. Procedural History

### A. Trial court proceedings

Harris pled guilty to Rockbridge County charges of marital sexual assault, case number

1

CR660-00, and abduction, case number CR661-00.[1] On the first of these offenses, the trial judge sentenced him to concurrent sentences of three years, suspended after one year served, and five years, suspended after three years served, for a total active sentence of three years imprisonment. Harris also pled guilty to Botetourt County charges of reckless endangerment, case number 466-f, and to eluding the police, case number 463-m. For these offenses, the trial judge sentenced him to concurrent sentences of twelve months and five years, suspended after three years served, for a total active sentence of three years imprisonment.

## B. Direct Appeals

Harris attempted to appeal his Rockbridge County convictions. The Court of Appeals of Virginia dismissed his appeal by order issued September 6, 2001, on the stated ground that no petition for appeal was filed within the time allotted (Record No. 0831-01-3). On September 12, 2001, Harris filed a pro se petition for rehearing that was not denied until September 2, 2003.

Harris filed an appeal of his Botetourt convictions. The Court of Appeals denied relief on March 6, 2002 (Record No. 1713-01-3) because no transcript or statement of facts was timely filed. The Supreme Court of Virginia denied Harris's petition for appeal on August 26, 2002 (Record No. 020845).

## C. State habeas proceedings

On August 18, 2003, Harris filed a petition for writ of habeas corpus in the Supreme Court of Virginia.(Record No. 032009). The Court denied the petition on December 30, 2003 as to Harris's claims related to the Rockbridge County convictions, finding that these claims were time-barred under Virginia Code §8.01-654(A)(2). The Supreme Court of Virginia granted Harris a writ of habeas corpus limited to allowing him a belated appeal on his Botetourt County convictions and dismissed without prejudice the remainder of his habeas claims related to these

---

[1] Pursuant to the consolidation of the four charges against Harris, the Hon. George E. Honts, III, conducted the plea hearing for all charges in the Circuit Court for Botetourt County on December 27, 2000, and conducted the sentencing hearing for all offenses in the Circuit Court for Rockbridge County on April 2, 2001.

2

convictions.[2]

## II. Opinion of the Court

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D).

The court concludes that Harris's federal claims related to his Rockbridge County convictions were untimely filed, pursuant to §2244(d)(1)(A).[3] By order entered August 10, 2001, the Court of Appeals of Virginia gave Harris until August 28, 2001, to file a petition for appeal; he failed to comply. Under Virginia law, his failure to file the petition for appeal prevented the Court of Appeals from achieving jurisdiction over his attempted appeal of the case, and no petition for rehearing could resurrect an appeal dismissed for lack of a timely petition. See Haywood v. Commonwealth, 423 S.E.2d 202 (1992) (en banc).[4] Thus, the court concludes that

---

[2]Appointed counsel filed a belated appeal of the Botetourt County convictions (Record No. 0629-04-3), but failed to submit the sentencing transcript to the Court of Appeals of Virginia within the time allotted. The court dismissed the appeal on September 8, 2004, on this ground. Harris then filed another habeas petition in the Supreme Court of Virginia (Record No. 042954), and was recently granted another belated appeal of the Botetourt County convictions.

[3]Harris does not allege facts upon which he could invoke subsections (B), (C) or (D) of §2244(d)(1).

[4]Clearly, in dismissing Harris's state habeas petition as untimely filed, the Supreme Court of Virginia did not consider Harris's petition for rehearing in the Court of Appeals as part of his

3

Harris's opportunity to seek direct review of his Rockbridge County convictions ended when he failed to submit his petition for appeal on August 28, 2001, and on that same date, those convictions became final for purposes of §2244(d)(1)(A). One year later, on August 28, 2002, the federal filing period expired. Harris signed and dated his federal petition on November 11, 2004. Even considering his petition filed with the court as of that date, pursuant to Houston v. Lack, 487 U.S. 266 (1989), Harris clearly did not file the petition within the federal statutory period.

A properly filed application for state post-conviction relief or other collateral review will toll (or suspend) the limitation period. §2244(d)(2). Unfortunately, Harris filed his state habeas petition on August 18, 2003, after the federal filing period expired. Moreover, a state habeas petition dismissed as untimely under state law is not "properly filed" so as to toll the §2244(d) filing period. See §2244(d)(2). Pace v. Diguglielmo, 125 S. Ct. 1807 (2005). Therefore, the pendency of his state petition did not toll the federal period. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

Equitable tolling of the §2244(d)(1) filing period is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted) cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State

---

direct review proceedings. See Virginia Code §8.01-654(A)(2) (requiring that habeas petition challenging a criminal conviction be filed "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later"). This court is bound by the Supreme Court of Virginia's implicit interpretation of state law. See Estelle v. McGuire, 502 U.S. 62 (1991).

4

Case 7:04-cv-00694-JCT-mfu   Document 27   Filed 06/24/05   Page 4 of 6   Pageid#: 155

Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

The court cannot find that the facts of Harris's case warrant the invocation of equitable tolling. The record does not reflect that Harris pursued his habeas rights with due diligence. After dismissal of his appeal concerning his Rockbridge County convictions, he waited two years before filing any additional court action as to those convictions. The fact that the Court of Appeals did not rule on the petition for rehearing for two years did not prevent Harris from filing a timely federal habeas petition. The Court of Appeals' delay in ruling may have misled Harris to some degree into believing that his appeal case was still pending and that his time to file a state habeas petition under §8.01-654(A)(2) had not yet begun to run. This court cannot equitably toll the state limitation period, however.

### III. Conclusion

Upon review of the records, the court concludes that Harris's claims as to his Rockbridge County convictions were not filed within one year of the date on which those convictions became final upon expiration of his opportunity to seek direct review. Furthermore, the court finds no ground upon which equitable tolling is warranted in this case. Accordingly, the court will grant the motion to dismiss as to all remaining claims, related to Harris's Rockbridge County convictions. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this

Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 23rd day of June, 2005.

/s/ James C. Turk
Senior United States District Judge